# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| NEIGHBORS AGAINST BISON SLAUGHTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL PARK SERVICE, et al., <br> Defendants. | CV-19-128-BLG-BMM <br><br> ORDER ON <br> MOTION TO STAY <br> SUMMARY JUDGMENT <br> BRIEFING |

Defendants National Park Service, U.S. Forest Service, Doug Burgum, in his official capacity as Secretary of the U.S. Department of Interior, Cameron Sholly, in his official capacity as Superintendent of Yellowstone National Park, and Brooke L. Rollins, in her official capacity as Secretary of Agriculture (collectively, "Federal Defendants") move for a stay of summary judgment briefing pending the resolution of Plaintiffs' motion to reopen the case. (Doc. 154.) Plaintiffs Neighbors Against Bison Slaughter and Bonnie Lynn (collectively, "Plaintiffs") oppose the motion. (Doc. 157.)

Plaintiffs filed suit against Federal Defendants in 2019, alleging claims under the National Environmental Policy Act and the Administrative Procedure Act. (Doc. 1.) The Court denied Plaintiffs' motions for a temporary restraining order and

1

preliminary injunction. (Doc. 587.) Federal Defendants moved for voluntary remand. (Doc. 84.) The Court remanded the case to the agencies for further review. (Doc. 107.) The Court closed the case on July 29, 2024. (Doc. 141.)

Plaintiffs have moved to reopen the case. (Doc. 144.) Plaintiffs contend that Federal Defendants have failed to comply with the Court's previous remand order. (*Id.*) Plaintiffs also have moved for partial summary judgment. (Doc. 148.) Local rules require Federal Defendants to respond within 21 days to the Plaintiffs' motion for summary judgment. Local Rule 7.1(d)(1)(A)(i). The Court set the response deadline as December 5, 2025. (Doc. 156.)

Courts possess broad discretion to grant a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts deciding whether to issue a stay should consider how a stay will affect the interests of the parties. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A court must weigh the following factors: (1) the hardship or inequity faced by the parties if required to go forward; (2) whether a stay could simplify or complicate issues, proof, and questions of law; and (3) the possible damage which may result from a stay. *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The moving party bears the burden of justifying a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Court grants Federal Defendants' motion for a stay of summary judgment briefing. To defer summary judgment would promote judicial efficiency and

2

preserve judicial resources. The Court requires some time to review the merits of Plaintiffs' motion to reopen the case. (*See* Doc. 144.) The parties likely would not suffer hardship or inequity from staying summary judgment briefing as the Court anticipates filing an order on the motion to reopen promptly after hearing the merits of Plaintiffs' claims for reopening the case. Federal Defendants may experience some harm if the Court fails to grant a stay while Plaintiffs' motion for reopen remains pending.

Accordingly, **IT IS HEREBY ORDERED** that Federal Defendants' Motion to Stay Summary Judgment Briefing (Doc. 154) is **GRANTED**.

DATED this 17th day of December, 2025.

_____
Brian Morris, Chief District Judge
United States District Court